# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

JONATHAN SCOTT BOMBARD,

          Plaintiff,                       Civil Action No. 16-cv-14411

          v.                           District Judge Stephen J. Murphy, III

COMMISSIONER OF                  Magistrate Judge Mona K. Majzoub
SOCIAL SECURITY,

          Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Jonathan Scott Bombard seeks judicial review under 42 U.S.C. § 405(g) of Defendant Commissioner of Social Security's determination that he is not entitled to disability insurance benefits under the Social Security Act. (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 10) and Defendant's Motion for Summary Judgment (docket no. 11). The motions have been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 2.) Having reviewed the pleadings, the Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2) and issues this Report and Recommendation.

## I.      RECOMMENDATION

For the reasons stated herein, the court should **DENY** Plaintiff's Motion for Summary Judgment (docket no. 10) and **GRANT** Defendant's Motion for Summary Judgment (docket no. 11).

## II.     PROCEDURAL HISTORY

On June 17, 2013, Plaintiff protectively applied for disability insurance benefits, alleging that he has been disabled since March 19, 2013. (TR 39, 177-78.) The Social Security Administration initially denied Plaintiff's claims on October 7, 2013. (TR 39.) On December 19, 2014, Plaintiff appeared with a representative and testified at a hearing before Administrative Law Judge (ALJ) Michael R. Dunn. (TR 52.) On March 27, 2015, the ALJ issued an unfavorable decision on Plaintiff's claims. (TR 36-48.) Plaintiff requested a review of the ALJ's decision with the Appeals Council, which was denied on November 7, 2016. (TR 1.) On December 20, 2016, Plaintiff commenced this action for judicial review, and the parties filed dispositive motions, which are currently before the Court.

## III.    HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff sets forth a brief summary of his medical issues and hearing testimony. (Docket no. 10, pp. 2-6.) In addition, the ALJ summarized Plaintiff's medical record (TR 42-46), and Defendant deferred to the ALJ's summary (docket no. 11, p. 2). Having reviewed Plaintiff's medical records and the hearing transcript, the undersigned finds that there are no material inconsistencies among these recitations of the record. Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and refer to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

## IV.    ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2013 (the "date last insured"). (TR 41). The ALJ further determined that Plaintiff had not engaged in substantial gainful activity since March 19, 2013,

the alleged onset date. (*Id.*) In addition, the ALJ found that, through his date last insured, Plaintiff had the following severe impairments: "degenerative disc disease status post lumbar fusion with pseudo-arthrosis and hardware failure resulting in repeat lumbar fusion, degenerative joint disease of the right shoulder with possible neuropathy, and osteoporosis of the lumbar spine." (TR 42.) Nevertheless, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (*Id.*) The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform sedentary work as defined by 20 CFR 404.1567(a), but with the following additional limitations:

- Requires a sit/stand option every thirty minutes;
- Cannot do any overhead reaching with his right upper extremity;
- Limited to lifting and carrying three pounds with his right upper extremity;
- Cannot climb ladders, ropes, or scaffolds, but can occasionally climb ramps or stairs;
- Can occasionally stoop, crouch, or crawl, and can frequently kneel;
- Limited to unskilled work.

(TR 42-43.) On the basis of this determination, the ALJ posed a hypothetical to the Vocational Expert ("VE"), who testified that jobs exist in significant numbers in the national economy that a person with the above RFC could perform. (TR 81-84.) Consequently, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, at any time from March 19, 2013, the alleged onset date, through December 31, 2013, the date last insured. (TR 48.)

## V.     LAW AND ANALYSIS

### A.     Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper

legal standards.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997).  Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528.  It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility.  *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the Court must examine the administrative record as a whole.  *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion.  *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").  "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'"  *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011)).

**B.     Framework for Social Security Determinations**

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis.  In the first four steps, Plaintiff was required to show that:

(1)     Plaintiff was not presently engaged in substantial gainful employment; and

(2)     Plaintiff suffered from a severe impairment; and

(3)     the impairment met or was medically equal to a "listed impairment;" or

(4)     Plaintiff did not have the RFC to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f).  If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work.  If not, Plaintiff would be deemed disabled.  *See id.* at § 404.1520(g).  The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391.  To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [Plaintiff] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987).  This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [Plaintiff's] individual physical and mental impairments.'" *Id.* (citations omitted).

**C.     Analysis**

Plaintiff contends that the ALJ committed five errors.  First, Plaintiff asserts that the ALJ failed to give adequate weight to the opinions of Plaintiff's treating physicians.  (Docket no. 10, p. 7.)  Second, Plaintiff alleges that the ALJ's RFC assessment is conclusory and not supported by substantial evidence.  (*Id.* at 10.)  Third, Plaintiff contends that the ALJ failed to include a

"function-by-function" assessment in his RFC determination. (*Id.* at 13.) Fourth, Plaintiff submits that the ALJ failed to obtain an updated medical opinion. (*Id.* at 16.) Finally, Plaintiff asserts that the ALJ failed to address Plaintiff's mental RFC. (*Id.* at 17.) These objections will be addressed in turn below.

### 1. Analysis of Treating Physician

Plaintiff asserts that the ALJ failed to accord adequate weight to the opinions of Plaintiff's treating physicians. (Docket no. 10, pp. 8-10.) In particular, Plaintiff contends that the ALJ gave insufficient weight to "objective medical evidence of significant impairment in the right shoulder and lumbar spine." (*Id.* (citing TR 303, 339, 351, 405).)

Under the treating physician rule, the Commissioner mandates that the ALJ "will" give a treating source's opinion controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). If the ALJ declines to give a treating source's opinion controlling weight, he must then balance the following factors to determine what weight to give it: "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and specialization of the treating source." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(2)).

The ALJ discussed each of the records cited by Plaintiff and concluded that "the objective medical findings in this case fail to provide strong support for the [Plaintiff's] allegations of disabling symptoms and limitations." (TR 43-46.) Acknowledging that Plaintiff had undergone multiple back and shoulder surgeries, the ALJ nevertheless concluded that "the

medical findings do not support the existence of limitations greater than the above listed residual functional capacity."  (TR 44.)

On review of the records cited by Plaintiff, the Court finds that the ALJ properly analyzed all relevant medical opinions.  Notably, Plaintiff fails to identify any particular treating physician, and cites no opinion that is inconsistent with the ALJ's RFC.  Instead, Plaintiff appeals generally to raw diagnostic reports, which lack any functional analysis that would support a different RFC assessment.  As noted by Defendant, the only functional analysis from a treating physician is Dr. Schell's opinion that Plaintiff should not lift more than 20 pounds or engage in repeated bending, squatting or kneeling—limitations that the RFC incorporates. (Docket no. 11, p. 6-7.)

Plaintiff submits that "[i]t is almost impossible to believe that an ALJ could find that a condition which caused a surgery as serious as a fusion does not support a Plaintiffs allegations of disabling symptoms and limitations," but that speculation finds no support in the records cited by Plaintiff.  Because Plaintiff fails to advance any treating physician's opinion that Plaintiff is more limited than the RFC, Plaintiff's reliance on the treating-physician rule is misplaced.

### 2.  The RFC is Supported by Substantial Evidence

Second, Plaintiff contends that the ALJ's RFC assessment is conclusory and not supported by substantial evidence.  (Docket no. 10, p. 10.)  In particular, Plaintiff asserts that the ALJ fails to "link the evidence to the ultimate RFC."  (*Id.* at 11.)

SSR 96-8p requires that the RFC assessment include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).  This Ruling further provides:

In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

*Titles II & Xvi: Assessing Residual Functional Capacity in Initial Claims*, SSR 96-8p (S.S.A. July 2, 1996).

Plaintiff submits that the record "establishes severe medical restrictions which the ALJ ignores." (Docket no. 10, p. 13.) In support, Plaintiff cites various passages from his medical records and hearing testimony, including a September 2013 record from Dr. Siva Sankaran, who observed that Plaintiff "could hardly walk the distance from one room to another." (*Id.* at 12.)

Review of the ALJ's decision demonstrates that the ALJ expressly considered the records cited by Plaintiff. (TR 43-46.) Moreover, the ALJ addresses these records comprehensively and without the selection bias displayed by Plaintiff's motion. For example, the ALJ's summary of the above-cited report from Dr. Sankaran makes clear that Plaintiff "had good days and bad days," and that on a "good day" Plaintiff was able to walk further than the "distance from one room to another." (TR 44.) In addition, the ALJ highlighted Dr. Sankaran's conclusion that "there was no evidence to support the need for a walking aid." (*Id.*)

Plaintiff objects to the ALJ making the "conclusory statement" that "the medical findings do no support the existence of limitations greater than the above listed residual functional capacity." (Docket no. 10, p. 11.) But the fact that the ALJ states his conclusions does not make his analysis conclusory. The decision faithfully summarizes the relevant evidence, and adequately links the evidence to the RFC.

### 3. The RFC Demonstrates Function-by-Function Analysis

Third, Plaintiff submits that the ALJ failed to perform a "function-by-function" analysis of Plaintiff's abilities and limitations. (Docket no. 10, p. 13.)

SSR 96-8p provides that the "RFC Assessment is a function-by-function assessment based upon all the relevant evidence of an individual's ability to do work-related activities." *Titles II & Xvi: Assessing Residual Functional Capacity in Initial Claims*, SSR 96-8p (S.S.A. July 2, 1996). However, "[t]here is no requirement for an ALJ to detail in writing a claimant's status for every conceivable work-related function. Instead, the ALJ must discuss how the evidence supports, or not, the functional limitations identified." *Grubbs v. Comm'r of Soc. Sec.*, No. 16-10426, 2017 WL 1148918, at *2 (E.D. Mich. Mar. 28, 2017); *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547-48 (6th Cir. 2002) (quoting *Bencivengo v. Comm'r of Soc. Sec.*, 251 F.3d 153 (3d Cir. 2000) for the proposition that "[a]lthough a function-by-function analysis is desirable, SSR 96-8p does not require ALJs to produce such a detailed statement in writing").

As discussed above, the ALJ undertook a thorough review of the relevant testimony and medical records. In concluding that Plaintiff had the capacity to perform "sedentary work" subject to additional limitations, the ALJ relied upon "radiological and clinical reports [showing] degenerative disc disease status post lumbar fusion" as well as "objective findings show[ing] degenerative joint disease of the right shoulder." (TR 46.) The ALJ also acknowledged that Plaintiff's "treating surgeon maintained a twenty-pound weight restriction" which was consistent with a sedentary residual functional capacity. (*Id.*) With regard to Plaintiff's shoulder condition, the ALJ confirmed that Plaintiff's "right upper extremity limitations are accounted from [*sic*] extensively in the residual functional capacity." (*Id.*) Indeed, the RFC provides that Plaintiff is restricted from "overhead reaching with his right upper extremity" and limited to "lifting and carrying three pounds with his right upper extremity."

Plaintiff also contends that the ALJ failed to credit his testimony that "[i]n an eight hour day, [he] needs to lie down half the time in order to provide relief to his back." (Docket no. 10, p. 15.) However, the ALJ determined that Plaintiff was "not entirely credible" with respect to "statements concerning the intensity, persistence and limiting effects of [his] symptoms." (TR 46.) Plaintiff does not challenge the ALJ's credibility determination, to which courts must give "great weight and deference particularly since the ALJ has the opportunity, which [a reviewing court does] not, of observing a witness's demeanor while testifying." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).

### 4. *Updated Medical Opinion*

Fourth, Plaintiff contends that the ALJ erred by declining to obtain an updated medical opinion. (Docket no. 10, p. 16.) In support, Plaintiff submits that "[a]ccording to SSR 96-6p, the ALJ should obtain an updated medical opinion from a medical expert where additional medical evidence is received that could modify the State agency medical consultant's finding that the impairment(s) was not equivalent in severity to any impairment in the Listing of Impairments." (*Id.*)

Social Security Ruling 96-6p governs the need for updated medical expert opinions. It requires an update when either (1) there is evidence of symptoms, signs and findings that suggest to the ALJ or Appeals Council that the applicant's condition may be equivalent to the listings; or (2) when additional medical evidence is received that "in the opinion of the administrative law judge or the Appeals Council may change the State agency medical or psychological consultant's finding" that the impairment does not equal the listings. *Kelly v. Comm'r of Soc. Sec.*, 314 F. App'x 827, 830 (6th Cir. 2009).

Under the above standard, the ALJ did not err by declining to seek an updated medical expert opinion. Plaintiff fails to demonstrate that any additional medical evidence would change the finding of the state agency consultant, Dr. Kuiper, who concluded in a report dated September 13, 2013 that Plaintiff had the capacity to perform "light work." (TR 109-12.)

Plaintiff contends that he "has done nothing but deteriorate since May 2009 when he was initially injured." However, Plaintiff relies on records that either (1) pre-date Dr. Kuiper's opinion (and were, in fact, considered by Dr. Kuiper) or (2) post-date the date last insured, December 31, 2013. (TR 294 (Covenant Healthcare, July 11, 2013); TR 306 (Dr. Sankaran, September 11, 2013); TR 344 (Henry Ford Health, April 18, 2014); TR 402 (Marlette Regional Hospital, April 23, 2014).) In addition, Plaintiff appeals to "a new surgery to his lumbar spine [performed] on April 14, 2016," which also falls beyond the date last insured.

In disability cases, "the relevant time period runs from [the claimant's] alleged onset date to his date last insured." *Watters v. Comm'r of Soc. Sec.*, 530 Fed. Appx. 419, 421 (6th Cir. 2013). Post-expiration evidence must relate back to the claimant's condition prior to the expiration of the date last insured. *King v. Sec'y of Health and Human Servs.*, 896 F.2d 204, 205-06 (6th Cir. 1990).

Because Plaintiff fails to identify any evidence that arises after Dr. Kuiper's evaluation and pertains to the relevant time period, the ALJ did not err by declining to obtain an updated medical opinion.

### 5. Mental RFC

Finally, Plaintiff contends that the ALJ erred by failing to modify the RFC based on limitations arising from Plaintiff's anxiety. (Docket no. 10, p. 17.)

The ALJ determined that Plaintiff did not suffer from any significant mental impairments. (TR 42.) However, Plaintiff submits that the ALJ "[i]s required to consider [mild] limitations in formulating plaintiff's RFC" and further contends that when "it is not evident from the ALJ's opinion" that the ALJ "considered plaintiff's mental impairment in determining [his] RFC . . . the court cannot conclude that the ALJ's finding is supported by substantial evidence." (Docket no. 10, p. 18.

In this case, Plaintiff fails to advance any medical opinion that discusses functional limitations based on anxiety. The records to which Plaintiff cites refer vaguely to Plaintiff's history of anxiety, typically by listing the single word "anxiety" under the "Past Medical History" section. (TR 325, 341, 386, 388, 394-95.) Moreover, to the extent that Plaintiff relies on his own testimony to support anxiety-based limitations, the ALJ determined that Plaintiff was "not entirely credible." Accordingly, the ALJ did not err by declining to modify the RFC based on Plaintiff's reported mental impairments.

## VI. CONCLUSION

For the reasons stated herein, the court should **DENY** Plaintiff's Motion for Summary Judgment (docket no. 10) and **GRANT** Defendant's Motion for Summary Judgment (docket no. 11).

### REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638

F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: November 14, 2017                **s/ Mona K. Majzoub**
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: November 14, 2017                s/ Leanne Hosking
                                        Case Manager