UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN SCOTT BOMBARD,

    Plaintiff,

Case No. 2:16-cv-14411

v.

HONORABLE STEPHEN J. MURPHY, III

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

                                   /

**OPINION AND ORDER
OVERRULING OBJECTIONS [13],
ADOPTING REPORT AND RECOMMENDATION [12],
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [10],
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [11]**

The Commissioner of the Social Security Administration ("SSA") denied Jonathan Scott Bombard's ("Bombard") application for Supplemental Security Income and Disability Insurance Benefits in a decision issued by an Administrative Law Judge ("ALJ"). *See* Administrative Record ("A.R.") 36–51, ECF 7-2, PgID 69–81. After the SSA Appeals Council declined to review the ruling, Bombard appealed. The Court referred the matter to Magistrate Judge Majzoub, and the parties filed cross-motions for summary judgment. *See* ECF 10, 11. The magistrate judge issued a Report and Recommendation (the "Report") suggesting that the Court deny Bombard's motion and grant the Commissioner's motion. ECF 12, PgID 504. Bombard filed timely objections to the Report. ECF 13. After examining the record and considering Bombard's objections de novo, the Court concludes that his arguments lack merit. Accordingly, the Court will adopt the Report's findings, deny Bombard's motion for summary judgment, grant the Commissioner's motion for summary judgment, and dismiss the complaint.

## BACKGROUND

The magistrate judge found that the Bombard's motion for summary judgment, ECF 10, PgID 465–69, and the ALJ's summary, ECF 7-2, PgID 74–81, properly summarized Bombard's medical record. ECF 12, PgID 505. The Court independently reviewed the record and agrees. The Court, therefore, incorporates by reference the factual recitations contained therein.

## STANDARD OF REVIEW

Civil Rule 72(b) governs the review of a magistrate judge's report. A district court's standard of review depends upon whether a party files objections. The Court need not undertake any review of portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 153 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When reviewing a case under 42 U.S.C. § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) (quotations omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that a "reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quotations omitted). An ALJ may consider the entire body of evidence without

2

directly addressing each piece in his decision. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.*

## DISCUSSION

I. <u>Treating Physician</u>

Bombard first objects to the magistrate judge's determination that the ALJ did not err when considering the weight to give the opinions of Bombard's treating physician. ECF 13, PgID 519. Under the treating physician rule, the Commissioner mandates that the ALJ "will" give a treating source's opinion controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2).[1] When a medical opinion is not given controlling weight, the ALJ considers the following factors in deciding the weight to give to the opinion: (1) examining relationship; (2) treatment relationship, including its length, nature, extent, and the frequency of examinations; (3) supportability; (4) consistency; (5) specialization; and (6) other factors. 20 C.F.R. § 404.1527(c); *see also Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 836–37 (6th Cir. 2016).

Plaintiff contends that the magistrate judge and ALJ afforded too little weight to the medical opinion of his treating source. Dr. Schell, a surgeon, performed an operation on

---

[1] The parties repeatedly cite to 20 C.F.R. § 404.1527(d)(2) for the language regarding the weight of medical opinions. Although that section applied to medical opinions in the first version of the regulation, the regulation has since been revised and the weight of medical opinions is discussed in 20 C.F.R.§ 404.1527(c)(2).

Bombard's back and conducted post-operative analyses.[2] There is no "medical opinion" on the Record from Dr. Schell. 20 C.F.R. § 404.1527(a)(1) (defining a "medical opinion" as statements from a medical source reflecting judgments about the nature and severity of a patient's impairments—such as symptoms, diagnosis and prognosis; what a patient can still do despite the impairments; "*and* [a patient's] physical or mental restrictions") (emphasis added). Dr. Schell's progress notes detail merely the nature and severity of Bombard's impairments. Dr. Schell's notes lack any analysis of what Bombard can still do or Bombard's physical and mental restrictions. *See* AR 404–05, ECF 7-7.

Dr. Sankaran's note, however, provides the closest equivalent to a medical opinion. Dr. Sankaran conducted an evaluation of Bombard for the Social Security Administration. *See* AR 306–08, ECF 7-7. Dr. Sankaran is not a "treating source;" his medical opinions, therefore, are not afforded more weight. 20 C.F.R. §§ 404.1527(a)(2) and (c)(2). In his notes, Dr. Sankaran reports that: "[Bombard] has a work restriction from Dr. Schell not to lift anything more than 20 pounds and not to do any repeated bending, squatting, or kneeling." AR 307, ECF 7-7. The administrative record lacks any reference made by Dr. Schell about a work restriction. Despite that fact, the ALJ took into account Dr. Sankaran's notes and incorporated them into the RFC. Bombard has failed to show that the ALJ failed to comply with the Social Security Administration's requirements for weighting medical opinions.

II. Bombard's Anxiety

Bombard next contends that the magistrate judge erred by determining that the ALJ's

---

[2] The Court assumes for purposes of this Order that Dr. Schell qualifies as a "treating source." *See* 20 C.F.R. § 404.1527(a)(2).

4

decision to ignore completely Bombard's anxiety was permissible. ECF 13, PgID 520. If an ALJ finds a severe impairment, he must consider "the combined effect of all impairments . . . even if other impairments would not be severe." *White v. Comm'r of Soc. Sec.* 312 F. App'x 779, 787 (6th Cir. 2009). In doing so, the ALJ will consider all of a plaintiff's "medically determinable impairments." 20 C.F.R. § 404.1545(a)(2). The ALJ "will consider only impairment(s) you say you have or about which [the Commissioner] receives evidence." 20 C.F.R. § 416.912. The plaintiff must still carry his burden of saying he possesses or will present evidence of an impairment.

Bombard states that the "ALJ failed to ask Plaintiff about [his anxiety] at his disability hearing", ECF 13, PgID 522, and that his medical records contain repeated references to "anxiety," AR 325, 341, 385, 388, 395, ECF 7-7. Bombard's averments are insufficient to support his objection. First, the ALJ considers only impairments that a plaintiff says he possesses. Bombard did not say he suffered from anxiety—a mental impairment—but blames the ALJ for not asking about it. Second, the referenced medical records refer to "anxiety" under a heading of "past medical history" and are not followed by further explanation. The singular reference to anxiety does not amount to sufficient evidence of a medicallymdetermined impairment. Because Bombard did not carry his burden regarding any alleged mental impairment, the ALJ was not required to discuss it in determining Bombard's RFC.

## CONCLUSION

The Court has carefully reviewed the parties' motions, the Report, and Plaintiff's objections. The Court finds Bombard's objections unconvincing, and agrees with the Report's recommendation to grant the Defendant's motion for summary judgment and deny

5

Plaintiff's motion for summary judgment.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's Objections [13] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the magistrate judge's Report and Recommendation [12] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [10] is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's Motion for Summary Judgment [11] is **GRANTED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: December 8, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 8, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager